United States district court — eastern district for Tennessee, civil division

David Jonathan Tulis )
℅ 10520 Brickhill Lane )
Soddy-Daisy, TN 37379 ) **JUDGE TRAVIS McDONOUGH**
davidtuliseditor@gmail.com )
(423) 316-2680 ) Case No. 1:24-cv-368
                           *Plaintiff* )
v. )
 )
Brandon Bennett in his personal capacity; )
Sheriff Austin Garrett in his personal ) **Jury trial demand**
and official capacity; )
Hamilton County, Tenn., )
Government )
                          *Defendants* )

# Request for clerk entry of default

Plaintiff, David Jonathan Tulis, requests the clerk of the honorable court to enter a default against defendants Brandon Bennett ("Bennett"), Austin Garrett ("Garrett") and Hamilton County ("county") in the above-style cause suing for relief from *ultra-vires* administration of warrantless arrest powers and the motor vehicle laws, such entry authorized by Fed. R. Civ. P. 55.

## Facts of the proceedings

1. Plaintiff filed suit Nov. 19, 2023, alleging false imprisonment and false arrest pursuant what the complaint styles "Redcoat warrants," or arrest-on-sight practices injurious to his federally and state-protected rights.
2. Defendants Garrett and Hamilton County were served the same day, Nov. 19, 2024.
3. The court record showing service is Doc. 7, PageID ## 96-98.
4. Mr. Bennett, sued in personal capacity, was served Nov. 20, 2024.
5. Fed. R. Civ. P. 12(1)(a)(i) gives defendants 21 days to "serve an answer."

6. Defendants requested additional time in which to make answer, to which plaintiff agreed.
7. Stipulation of extension of time to respond is Doc. 8, indicating defendants obtained plaintiff consent to respond by Dec. 31, 2024.
8. An answer was due Dec. 11, 2024.
9. As of this date, seven days after, defendants have not responded to the lawsuit demanding damages and injunctive relief requiring compliance with T.C.A. § 40-7-103 and well-known constitutional law about arrest authority, among other demands.

## Request

10. The clerk may enter a default against a party that has not filed a responsive pleading. See Fed. R. Civ. P. 55(a) and 6(d).
11. Plaintiff meets the procedural requirements for obtaining an entry of default from the clerk as demonstrated by plaintiff's affidavit of default, incorporated herein by reference.
12. Defendants are not minors nor incompetent. See Fed.. R. Civ. Pro. 55(b)(1). Defendants are not in military service, to the best of plaintiff's knowledge..
13. The clerk should enter a default against defendants because defendants did not file a responsive pleading within 21 days after being served, such response due Dec. 31, 2024, under Fed. R. Civ. P. 55.
14. The grounds are that defendants sat on their rights and do not assert any defense against plaintiff's complaint that they openly reject T.C.A. § 40-7-103 that requires arrest warrant for any violation of law that is not a public offense nor a threatened breach of the peace.

Respectfully submitted,

*David Jonathan Tulis*
David Jonathan Tulis

## CERTIFICATE OF SERVICE

A copy of this document is served this Tuesday, the 7th of January, 2025, upon defendants' attorney, assistant county attorney Sharon M. Milling, via email at SharonM@hamiltontn.gov

*David J. Tulis*

David Jonathan Tulis