United States district court — eastern district for Tennessee, civil division

| | |
|---|---|
| David Jonathan Tulis<br>℅ 10520 Brickhill Lane<br>Soddy-Daisy, TN 37379<br>davidtuliseditor@gmail.com<br>(423) 316-2680<br>                  *Plaintiff*<br>v.<br><br>Brandon Bennett in his personal capacity;<br>Sheriff Austin Garrett in his personal<br>and official capacity;<br>Hamilton County, Tenn.,<br>Government<br>                  *Defendants* | **JUDGE TRAVIS McDONOUGH**<br>**Magistrate Judge Dumitru**<br><br>Case No. 1:24-cv-368<br><br><br><br>**Jury trial demand**<br><br>FILED<br>JAN 16 2025<br>Clerk, U. S. District Court<br>Eastern District of Tennessee<br>At Chattanooga |

## Motion for entry of default judgment

Plaintiff moves the court to enter default against defendants who are described in the verified complaint as knowingly and intentionally violating the warrantless arrest protections in the federal 4th amendment, Tenn. Const. art. 1 § 7 and T.C.A. § 40-7-103 ("public offense" and "breach of the peace threatened" standard). Defendants have untimely filed response to this lawsuit after having been given additional time under a stipulation (Doc. 8). Their deadline for a responsive pleading — a date they had proposed — was Dec. 31, 2024. They prejudicially made response to the complaint Jan. 14, 2025, or 14 days late without filing notice of appearance or obtaining the court's leave.

Plaintiff filed request or clerk entry of default (Doc 10) on Jan. 7, supported by affidavit (Doc.10-1). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Defendants in civil rights action did not fail to plead or otherwise defend, as would warrant entry of default

judgment against them, although they failed to answer the complaint within 20 days of being served with the summons and complaint, where District Court had issued order granting defendants extension of time in which to file their answers, and defendants filed their answers *before extended deadline.* Stanley v. Goodwin, 475 F. Supp. 2d 1026 (D. Haw. 2006), aff'd, 262 F. App'x 786 (9th Cir. 2007) (emphasis added).

Some federal judges are unwilling to overlook municipal disregard of U.S. district court deadlines. "Although default has been entered, it does not take astrologer Walter Mercado to predict that Defendants at some point will move to lift the default. And the court, indeed, if justified, will possibly do so. Notwithstanding, this long standing practice — whether intentional or unintentional — of many municipal defendants of ignoring federal court deadlines henceforth will not be tolerated by this judge. Delays deprive plaintiffs of their day in court. Delays also stall any possible resolution in defendants' favor. Most importantly, such delays affect the court's ability to effectively and efficiently manage and calendarize its docket.

"Every delay caused by any case — civil or criminal — ultimately affects the speedy resolution of every other case. Those attorneys who practice before the federal court well know that this is not a forum where 'ay bendito, juez deme un break (literal translation: oh please, judge, give me a break) is the norm. And it is quite embarrassing, as well as a bad start, for counsel representing municipal (or any other) defendants to have to appear in federal court for damage control, rather than to litigate matters on the merits." Rivera-Ramos v. Arroyo-Chiques, 996 F. Supp. 2d 15, 15 (D.P.R. 2014)

Plaintiff filed motion for a temporary restraining order ("TRO") Jan. 13, 2025 (Docs. 11, 11-1, 12), demanding halt to what the complaint styles defendants' "longstanding Redcoat warrant policy" (Doc. 1, PageID # 37). Plaintiff does not allege defendant delay is willful. But being nonresponsive two weeks and filing answers a day after he files his motion prejudices his preparations for his TRO motion, said proposed order sought to

bring immediate halt to violation of 4th Amendment and Tenn. Const. Art. 1 § 7 arrest warrant protections codified in the statute.

Where a corporate defendant acts promptly and relies on its attorney, the court concludes defendants "should not be penalized on account of the failure of counsel to disregard the language of the summons. Were we to conclude otherwise we feel that we would be applying a rule of strictness rather than one of liberality which would not serve the ends of justice." A. C. Samford, Inc. v. United States, 226 F. Supp. 72, 77 (M.D. Ga. 1963).

"A defendant in default admits the factual allegations in the complaint. *See* Fed.R.Civ.P. 8(b)(6) ('An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.'); *see also GlobalSantaFe Corp. v. Globalsantafe.com,* 250 F.Supp.2d 610, 612 n. 3 (E.D.Va.2003) ('Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim.'). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter." Dutan v. Sheet Metal Remodeling, LLC, 48 F. Supp. 3d 860, 865–66 (E.D. Va. 2014)

This case is not about a single corporate entity, but an entire body politic of 379,864 souls living in Hamilton County, in addition to hundreds or thousands visiting at any one time. Plaintiff represents the interests of the people, secured in standing in his federal rights by defendants' reckless and malicious breaches of law. Defendants give plaintiff no quarter, nor the public in their oppression.

Plaintiff moves for a judgment of default. Converting "public offense" into "offense" in T.C.A. 40-7-103 in practice — and now in rhetoric — and so voiding the statute harms plaintiff. It harms members of the public with violence and injury not permitted in law.

Respectfully submitted,

*David Jonathan Tulis*

_____

David Jonathan Tulis

## CERTIFICATE OF SERVICE

I hereby certify that on this Thursday, the 16th day of January 2025, a copy of this document is being sent by e-mail to Sharon Milling of the Hamilton County attorney's office at the following address:
SharonM@hamiltontn.gov